IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **TIMOTHY JAY HICKS,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. 1:11-cv-03057-JKB |
| **CATHOLIC RELIEF SERVICES,** | * | |
| Defendant | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Timothy Jay Hicks ("Plaintiff") brought this suit, *pro se*, against Catholic Relief Services ("Defendant") alleging sex discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Defendant has moved to dismiss the complaint, and Plaintiff has moved for summary judgment. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 8) is DENIED.

**I.   BACKGROUND**

Plaintiff worked for Defendant as an administrative assistant from 2000 to 2009. He alleges that from August of 2007 until his termination in November of 2009, his supervisor, Tabitha Harrison, made "condescending remarks" to him that he "felt were belittling." (Compl. 3, ECF No. 1). He further alleges that Ms. Harrison treated him with this "pattern of rudeness" because of his sex. The grounds of this contention are that Plaintiff was the only male in the office, that Ms. Harrison did not similarly "harass" two female employees whom Plaintiff knew,

and that Ms. Harrison allegedly terminated two other male employees who worked in the office before Plaintiff.  In November of 2009, following an argument with Ms. Harrison, Plaintiff approached Defendant's Human Resources Department and complained about her conduct.  Several days later, Defendant terminated Plaintiff's employment on the grounds that he had allegedly physically threatened Ms. Harrison during their argument.  Plaintiff denies that he ever threatened Ms. Harrison and claims that Ms. Harrison fabricated the alleged threats as a pretext for having him fired because of his sex.

On October 20, 2010, Plaintiff filed charges of discrimination with the EEOC, and on July 27, 2011, he received a Right-to-Sue letter.  On October 25, 2011, Plaintiff filed the instant suit in this Court.  On December 20, 2011, Defendant filed a motion to dismiss the complaint, alleging that Plaintiff had failed to timely exhaust his administrative remedies and that the complaint failed to state a claim of sex harassment. (ECF No. 5).  The Court sent Plaintiff a Rule 12/56 Letter on December 22, 2011, explaining that Defendant had filed a motion to dismiss, that Plaintiff had a right to file a response in opposition, and that his failure to respond could result in dismissal of this case. (ECF No. 7).  On January 6, 2012, Plaintiff filed a document styled as a motion for summary judgment, which appears to the Court to have been intended as a response to Defendant's motion to dismiss.  Apparently uncertain as to the import of Plaintiff's filing, Defendant then filed both a response in opposition to Plaintiff's motion for summary judgment (ECF No. 9) and a reply with respect to its motion to dismiss (ECF No. 10).

    II.    **LEGAL STANDARD**

        A.    **F**ED**. R. C**IV**. P. 12(b)(6): Motion to Dismiss**

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their]

face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

A plaintiff filing *pro se* is held to a "less stringent standard" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully" pled. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *accord Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). However, even a *pro se* complaint must meet a minimum threshold of plausibility. *See, e.g., O'Neil v. Ponzi,* 394 Fed. App'x. 795, 796 (2d Cir. 2010).

### B.     FED. R. CIV. P. 56: Motion for Summary Judgment

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a party carries this burden, then the court will award summary judgment unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. FED. R. CIV. P. 56(e)(2). To carry these respective burdens, each party must support its assertions by citing specific evidence from the record. FED. R. CIV. P. 56(c)(1)(A). The court will assess the merits of the motion, and any responses, viewing all facts and

reasonable inferences in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

### III.   ANALYSIS

As an initial matter, the Court observes that Plaintiff's submission entitled *Motion for Summary Judgment* appears to be a response in opposition to Defendant's motion to dismiss, and the Court will therefore consider it as such. Considered as a true motion for summary judgment, the motion must be denied because it contains no arguments or information that would be relevant to the issue of summary judgment in this case.

As to Defendant's motion to dismiss, the Court concludes, upon review of all of the relevant briefs and pleadings, that the motion should be granted on the grounds that Plaintiff failed to file a timely charge of discrimination with the EEOC. Plaintiff, himself, states that he did not file charges with the EEOC until October 20, 2010, more than 300 days after the date of the last instance of alleged harassment (*i.e.*, his termination on November 20, 2009). Title VII requires a plaintiff to exhaust his administrative remedies by filing charges with the EEOC no later than 180 days after the alleged discrimination took place (or within 300 days if the plaintiff first files the charge with a state agency). 42 U.S.C. § 2000e-(e)(1); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009). This exhaustion requirement is a prerequisite to bringing suit in federal court. *Id.; Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006). Plaintiff states that he believed he was entitled to the longer, 300 day limitations period. But, even if this were the case (which the Court does not decide) Plaintiff's charge was still late by at least a month. While *pro se* plaintiffs are not held to the same standards as lawyers, even they must comply with deadlines. *Smith v. McGinnis,* 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (same). And, while a *pro se* plaintiff may sometimes be entitled to equitable tolling of

Title VII's filing deadline if his untimeliness is the result of reliance on misinformation supplied by the EEOC, Plaintiff has made no such allegation in this case. *See Walton v. Guidant Sales Corp.*, 417 F.Supp.2d 719, 721 (D. Md. 2006).[1]  Since Plaintiff has not timely exhausted his administrative remedies, he is barred from bringing a civil action in this Court.  His complaint must therefore be dismissed.[2]

## IV. CONCLUSION

Accordingly, an ORDER shall issue GRANTING Defendant's Motion to Dismiss (ECF No. 5) and DENYING Plaintiff's Motion for Summary Judgment (ECF No. 8).

Dated this 8th day of February, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[1] Equitable tolling is available to a plaintiff who:

(1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time.

[2] In view of this ruling, the Court does not decide the issue of whether the allegations in the complaint state a claim upon which relief can be granted.